UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS DAVID LANGENDERFER,

Petitioner,

v.

CHARLES DAVID EYSTER,

Respondent.

Case No. 18-cv-04137-PJH

**ORDER OF DISMISSAL**

Re: Dkt. No. 10

Petitioner, a detainee, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was dismissed with leave to amend and petitioner has filed an amended petition.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"

Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

The original petition was quite confusing, and petitioner did not set forth specific claims. He stated he was convicted on March 28, 2018 and sentenced in June 2018. It did not appear that petitioner had exhausted any claims in state court and the petition was dismissed with leave to amend to address this issue. Petitioner does not address the exhaustion issue in the amended petition. He argues that his crime occurred on an Indian Reservation, and presumably it should therefore be a federal prosecution.

Before petitioner may challenge either the fact or length of his confinement in a habeas petition in this court, he must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id*. It does not appear that any claims have been exhausted. To the extent that petitioner has already been convicted, he may seek relief in federal court after his claims have been exhausted in state court.

To the extent that petition seeks this court to intervene in an ongoing state criminal proceeding, any such request is denied. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Younger*, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every

"clause, sentence and paragraph, and in whatever manner" it is applied). Petitioner has not demonstrated extraordinary circumstances to warrant intervention.

## CONCLUSION

The motion to amend (Docket No. 10) is **GRANTED** and the court has considered the amended petition. The amended petition is **DISMISSED** without prejudice and petitioner may file a new petition when the claims are exhausted. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 5, 2018

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DAVID LANGENDERFER,<br>Plaintiff,<br>v.<br>CHARLES DAVID EYSTER,<br>Defendant. | Case No. 18-cv-04137-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 5, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas David Langenderfer
Mendocino County Sheriff's Office 1148/Mendocino Indian Reservation
Corrections Division
951 Low Gap Road
Ukiah, CA 95482

Dated: October 5, 2018

Susan Y. Soong
Clerk, United States District Court

*Kelly Collins*
_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON